

## Fourth Court of Appeals

### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00473-CV

**IN THE INTEREST OF Z.I.E.C.H.** and L.J.C.H.-C., Children

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-01727
Honorable Kimberly Burley, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Beth Watkins, Justice

Delivered and Filed: March 23, 2022

AFFIRMED; MOTION TO WITHDRAW DENIED

Appellant J.H., Sr. ("Father") appeals the trial court's order terminating his parental rights to his children Z.I.E.C.H. and L.J.C.H.-C. Father's court-appointed appellate counsel filed a motion to withdraw and a brief containing a professional evaluation of the record, concluding there are no arguable grounds for reversal of the termination order. The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967). *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (recognizing that *Anders* procedures apply in parental termination cases). Additionally, counsel represents that he provided Father with a copy of the brief and the motion to withdraw, advised Father of his right to review the record and file his own brief, and informed Father how to obtain a copy of the record, providing him with a form motion for access to the

appellate record. We issued an order setting a deadline for Father to file a pro se brief. However, Father did not request the appellate record or file a pro se brief.

After reviewing the appellate record and appointed counsel's brief, we conclude no plausible grounds exist for reversal of the termination order. Accordingly, we affirm the trial court's termination order. We deny counsel's motion to withdraw because it does not show good cause for withdrawal. *See id.* at 27 & n.7 (holding that counsel's obligations in a parental termination case extend through exhaustion or waiver of all appeals and that withdrawal should be permitted by a court of appeals "only for good cause" (citing TEX. R. CIV. P. 10)).

Rebeca C. Martinez, Chief Justice